IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BROTHERS HEALTHCARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN CARTER, INC. d.b.a. WESTSIDE SPECIALTY PHARMACY, <br><br> Defendant. | Case No. 21-cv-383-DKW-RT <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

In its Motion for Judgment on the Pleadings (MJOP), Defendant Brian Carter, Inc. d.b.a. Westside Specialty Pharmacy ("Westside") challenges the sufficiency of Plaintiff Brothers Healthcare, Inc.'s ("Brothers") Complaint under Fed.R.Civ.P. 8(a)(2) and 12(c). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). The MJOP is denied without prejudice on procedural grounds because Westside failed to comply with Local Rule 7.8.

## PROCEDURAL BACKGROUND

Brothers filed its Complaint (Dkt. No. 1) on September 13, 2021, and Westside answered (Dkt. No. 10) on October 25, 2021. Both parties filed their respective Scheduling Conference Statements ("SCS") (Dkt. Nos. 16–17) on

1

December 15, 2021.  Westside filed the instant MJOP (Dkt. No. 20) on February 2, 2022.  The MJOP was fully briefed (Dkt. Nos. 23–24), and this Order follows.

## LEGAL STANDARD

Local Rule 7.8 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss *thoroughly* . . . the *substance of the contemplated motion* and any potential partial or complete resolution . . . at least seven (7) days prior to the filing of the motion."  (Emphasis added.)

## DISCUSSION

Rule 7.8's purpose is to streamline motions practice and prevent needless litigation.[1]  It requires a movant to rigorously vet the substance of its motions—both independently and with opposing parties—*before* filing with the Court to eliminate or at least narrow the scope of issues necessary for the Court to consider.  This vetting encourages communications among counsel, facilitates extrajudicial resolution of matters, and promotes clarity and pointedness of any motions deemed necessary as an outcome of this process.  Rule 7.8 is not a formality.  It mandates a thorough discussion of the specific rationales and reasoning on which the movant intends to rely in a particular motion.

---

[1] Rule 7.8 was added to the Local Rules of Practice for the United States District Court in the District of Hawai'i pursuant to the September 1, 2019 Rules Amendment.

Here, Westside has satisfied neither the letter nor spirit of Rule 7.8. During a November 5, 2021 meeting between the parties—the only meeting that Westside identifies as constituting the requisite pre-filing conference, *see* Dkt. Nos. 20-1 at 4; 24 at 2, 7–8—Westside informed Brothers that it was considering filing a pleadings motion based on two arguments:

> Brothers violated California Insurance Code § 1871-1; that section is applicable in Hawaiʻi; and therefore the contract between Brothers and Westside is unenforceable; and

> Unfair competition and tortious interference claims are not applicable to health care provides [sic] vis-à-vis one another; Hawaiʻi patients have a right to freely choose their providers, including pharmacies; and the Court will not chill the right of access to health care or choice of provider.

Dkt. No. 23 at 3. Westside *did not* state during this meeting that it was considering filing a motion based on the insufficiency of the Complaint under *Twombly*/*Iqbal*'s pleading standards or Fed.R.Civ.P. 8. *See* Dkt. No. 24 at 5. As these grounds are the only bases on which Westside ultimately relies three months later, *see generally* Dkt. No. 20, the November 5, 2021 meeting did not satisfy Rule 7.8.

Westside nonetheless insists that it complied with Rule 7.8 by voicing broad concerns about the Complaint—unconnected to any theoretical motion—during that meeting and in other case filings. For example, during the November meeting, Westside's counsel "extensively critiqued each Count of Dkt 1" and questioned why the Complaint did not include more specific factual support. *See* Dkt. No. 24

at 6–8.  Westside also points to its Answer, which "challenged Docket No. 1," *id.* at 5, and its SCS, Dkt. No. 17 at 2, which criticized Plaintiff for failing "to conduct a reasonable inquiry before filing the Complaint and has alleged claims not warranted by existing law or for establishing new law.  A reasonable pre-filing inquiry would have disclosed that Plaintiff's claims are false and lacked credible factual support."  Dkt. No. 24 at 5.

These scattered critiques of Brothers' claims do not amount to "contact[ing] opposing counsel to discuss thoroughly . . . the substance of [a] contemplated motion"—in this case, the sufficiency and plausibility of the Complaint under *Twombly/Iqbal*.  *See* LR 7.8.  Answers, for instance, routinely contain a plethora of affirmative defenses that have little bearing on or use during the litigation.  It is difficult to see how attempting to comply with Local Rule 7.8 by mere reference to one's answer will ever be satisfactory.  Similarly, initial scheduling conference statements are intended to provide the Court with a sense of the issues in the case that counsel have identified to that point.  As with answers, the identified issues in the SCS frequently never come to light or, at least, are never litigated.  And, certainly, it is difficult to see how they could provide evidence of having "discuss[ed] thoroughly" anything.  *Id.*  That is because filings do not represent a discussion among counsel at all, much less one specific enough to satisfy the rule's pre-filing conference.  Moreover, the rule requires a movant to identify and refine

4

the specific rationales that it intends to advance in the motion and to discuss those rationales with opposing counsel in the context of a dedicated communication. Generalized critiques do not cut it.

## CONCLUSION

Consistent with the foregoing, the MJOP (Dkt. No. 20) is denied without prejudice to re-filing upon Defendant's compliance with Local Rule 7.8.

IT IS SO ORDERED.

DATED: April 7, 2022 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge